UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TECO V. WOODS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 1:18-CV-00249-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Teco V. Woods' Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 12). Respondent United States of America has responded (Doc. 17), and Movant has replied. (Docs. 18-19). For the reasons discussed below, the motion will be denied.

**I.      BACKGROUND**

On December 18, 2017, Movant signed a guilty plea agreement admitting violations of 21 U.S.C. § 841(a)(1) for possessing fifty grams or more of methamphetamine with intent to distribute (Count II) and 18 U.S.C. § 924(c) for possessing a firearm in furtherance of a drug trafficking crime (Count V). *United States of America v. Woods*, No. 1:17-CR-00069-JAR-1 (hereinafter *Woods Criminal Case*), Doc. 39. In exchange for Movant's guilty plea, the government agreed to dismiss Counts I, III, and IV of the indictment at sentencing. *Id.* at 1. On March 22, 2018, this Court sentenced Movant to 60 months' imprisonment on each of Counts II and V, such terms to be served consecutively. *Woods Criminal Case*, Doc. 50.

The facts underlying Movant's crimes can be gleaned from the Final Presentence Investigation Report, which was admitted to this Court before sentencing without any objection to

its contents by Movant. *Woods Criminal Case*, Doc. 47. On December 22, 2016, officers with the Cape Girardeau Police Department responded to an alleged theft at a Walmart. Witnesses stated that a male subject carrying a pink wallet was confronted by a store employee and ran to a nearby gas station. Officers arrived at the gas station and proceeded to detain Movant and Hernandez Evans in the parking lot. A gas station employee informed police that Movant had entered the bathroom. Surveillance footage from the gas station reviewed afterward showed Movant entering the gas station bathroom carrying a red duffle bag and exiting soon after without the bag. Police retrieved the bag, which contained over 110 grams of methamphetamine, a loaded Smith & Wesson, Model MP Shield, 9mm handgun, and various other drugs. Subsequent DNA analysis revealed a match between Movant and the handgun.

Movant has now filed an Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 12). This Court will construe the motion liberally given Movant's pro se status. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Movant brings the following grounds for relief:

> *Ground 1a (Probable Cause)*: Movant claims that he was arrested without probable cause because he was not involved in the theft which took place at the Walmart. (Doc. 12 at 13-14).
>
> *Ground 1b (Ineffective Assistance)*: Movant claims that he received ineffective assistance because his counsel declined to file motions to suppress evidence and dismiss the charges. (*Id.* at 14-15).
>
> *Ground 1c (Involuntary Plea)*: Movant claims that his plea was involuntary because his counsel's ineffective assistance rendered him unprepared for trial. (*Id.* at 13-14).
>
> *Ground 1d (Actual Innocence)*: Movant claims actual innocence because the bag of contraband was abandoned in a public location.
>
> *Ground 2 (Jurisdictional Defect)*: Movant claims a jurisdictional defect as to Count V of his guilty plea because his crime was not "in commerce or affecting commerce." (*Id.* at 15-16).

## II.     LEGAL STANDARD

A § 2255 movant is entitled to relief when his sentence "was imposed in violation of the Constitution or laws of the United States." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (citing 28 U.S.C. § 2255). The movant must show that the claimed error "amount[s] to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Rhodes v. United States*, No. 4:15-CV-432 JAR, 2018 WL 950223, at *1 (E.D. Mo. Feb. 20, 2018) (quoting *Davis v. United States*, 417 U.S. 333 (1974)).

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged," however, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of a guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). "Collateral review of a guilty plea is therefore 'ordinarily confined to whether the underlying plea was both counseled and voluntary.'" *Green v. United States*, No. 1:09-CV-34 CAS, 2012 WL 760891, at *5 (E.D. Mo. Mar. 7, 2012) (quoting *United States v. Broce*, 488 U.S. 563, 569 (1989)).

## III.    MOVANT'S WAIVER OF RIGHT TO APPEAL

Pursuant to the plea agreement, Movant waived all rights to appeal "any issues relating to pretrial motions, discovery, and the guilty plea," "all rights to appeal all sentencing issues," and "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [28 U.S.C. § 2255], except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Woods Criminal Case*, Doc. 39 at ¶ 7(a-b). At the Change of Plea Hearing, this Court specifically advised Movant of this waiver, and noted that Movant was waiving his "right to appeal any post-conviction issues or habeas corpus rulings except as it may relate to any possible claim for prosecutorial misconduct or ineffective assistance of counsel." *Woods Criminal*

3

*Case*, Doc. 58 at 20-21. When asked if he understood that he was waiving these appeal rights, Movant replied "Yes, sir." *Id.* at 21.

The Eighth Circuit has clearly held that "[a]s a general rule, a defendant is allowed to waive appellate rights." *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003). The appeal waiver will be enforced as long as Movant "made a knowing and voluntary decision to forego his right to appeal." *United States v. Morrison*, 171 F.3d 567, 568 (8th Cir. 1999). Movant repeatedly argues that his appeal was involuntary because he was arrested without probable cause and his counsel had not successfully suppressed evidence. (Doc. 12 at 13-15). The hearing transcript clearly reflects, however, that Movant was properly informed of his appeal rights and made a "voluntary and intelligent choice" to waive such rights. *United States v. Gray*, 152 F.3d 816, 819 (8th Cir. 1998) (quoting *Parke v. Raley*, 506 U.S. 20, 29 (1992)). As discussed further below, there is no evidence that Movant's guilty plea or waiver of appeal rights was involuntary in any respect.

Therefore, the Court finds that Movant has waived his right to appeal Grounds 1(a) (Probable Cause) and 1(d) (Actual Innocence) of his § 2255 motion. *See United States v. Seizys*, 864 F.3d 930 (8th Cir. 2017) (applying appeal waiver to bar claim of actual innocence); *United States v. Harner*, 628 F.3d 999 (8th Cir. 2011) (applying appeal waiver to bar claim that evidence was recovered in violation of Fourth Amendment). The plea agreement, as required under applicable precedent, specifically excludes from the waiver Movant's right to appeal claims regarding ineffective assistance of counsel (Ground 1(b)). Ground 1(c) (Involuntary Plea) merits further consideration as it is the basis for finding Movant has waived his right to appeal. Finally, Ground 2 (Jurisdictional Defect) may fall within the "miscarriage of justice" exception because a "defendant has the right to appeal an illegal sentence, even though there exists an otherwise valid waiver." *Andis*, 333 F.3d at 891-92 (citing *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000)).

## IV.     DISCUSSION

<u>GROUND 1(a) – PROBABLE CAUSE</u>

Movant argues that the search of the gas station bathroom trash can was "fruit of the poisonous tree" because there was no probable cause for his arrest. (Doc. 12 at 13-14 (citing *Wong Sun v. United States*, 371 U.S. 471, 488 (1963)). The Supreme Court has asserted that a "guilty plea represents a break in the chain of events which has preceded it in the criminal process," and a defendant who has pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "Thus, to the extent that [Movant] challenges the constitutionality of the arrest and search as a claim in its own right, rather than as an aspect of his claim that the guilty plea was not knowing and voluntary . . . , such a claim is barred." *United States v. Clevenger*, No. 08-4913 ADM, 2009 WL 188586, at *3 (D. Minn. Jan. 26, 2009) (citing *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989)); *see also United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010) ("A guilty plea waives all suppression issues not expressly reserved by a conditional plea.").

In the alternative, the Court also finds that there was probable cause to arrest Movant and search the gas station bathroom trash can. Police were called to the Walmart to investigate a theft and were informed by witnesses that the suspects had fled to the gas station. Witnesses also identified a white Chevrolet Suburban as connected to the theft; the keys to this vehicle were ultimately found on Hernandez Evans, who was detained along with Movant. An employee of the gas station informed police that Movant had entered the bathroom before police arrived. Officers proceeded to discover the bag of contraband in bathroom trash can. Movant was arrested after the

bag was discovered. *Woods Criminal Case*, Doc. 39 at 4. Movant has admitted in his reply that he was in possession of the firearm but claims the drugs were not his. (Doc. 18 at 3).

An officer has probable cause to make a warrantless arrest "when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing a crime." *Royster v. Nichols*, 698 F.3d 681, 688 (8th Cir. 2012) (quoting *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010)). Based on the theft at Walmart and statements by witness, the officers clearly had probable cause to detain and ultimately arrest Movant. Movant also cannot claim that the search was in violation of his Fourth Amendment rights because "there is no reasonable expectation of privacy in trash" left in a gas station bathroom. *United States v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012) (citing *California v. Greenwood*, 486 U.S. 35 (1988)). Because Movant has waived his right to appeal this issue, pleaded guilty to the crime alleged, and failed to demonstrate any violation of his constitutional rights, the motion will be denied as to Ground 1(a).

### GROUND 1(b) – INEFFECTIVE ASSISTANCE OF COUNSEL

To prove ineffective assistance of counsel, Movant must show that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It is Movant's "burden to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (quoting *Schumacher v. Hopkins*, 83 F.3d 1034, 1037 (8th Cir. 1996)). To show prejudice, Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines

the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693). Because he is alleging ineffective assistance in the guilty plea context, Movant "must establish a reasonable probability that he would have exercised his right to trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012).

Movant argues that his counsel rendered ineffective assistance by failing to file a motion to dismiss because there was not probable cause for the arrest; failing to file a motion to suppress evidence attributable to the allegedly unconstitutional arrest and search; and failing to obtain DNA testing of the drugs discovered in the gas station bathroom. (Doc. 12 at 14). At the outset, the Court notes that Movant specifically affirmed at his Change of Plea Hearing that his counsel had "done everything [Movant has] asked him to do" and "advised [Movant] as to all aspects of the case." *Woods Criminal Case*, Doc. 58 at 8. Movant's claims of ineffective assistance directly contradict these sworn statements.

"The performance of an attorney is not deficient for failure to object to admissible evidence," and failure to file a meritless motion to suppress or dismiss is not objectively unreasonable. *Russell v. Jones*, 886 F.2d 149, 152 (8th Cir. 1989); *see Pampkin v. Bowersox*, No. 4:16-CV-00561 JCH, 2016 WL 6577189, at *4-5 (E.D. Mo. Nov. 7, 2016). As discussed above, Movant has not demonstrated that the drugs and gun were found pursuant to an unconstitutional arrest or search. Even if Movant could make some reasonable argument as to his Fourth Amendment claims, the decision to negotiate a plea agreement and decline to file pretrial motions was not "outside the wide range of professionally competent assistance." *Pizzo v. United States*, No. 4:07-CV-614 JCH, 2007 WL 2767211, at *3 (E.D. Mo. Sept. 19, 2007) (quoting *Strickland*, 466 U.S. at 690). Movant appeared before Magistrate Judge Abbie Crites-Leoni, moreover, and

voluntarily waived his right to file any pretrial motions on these issues. *Woods Criminal Case*, Docs. 35-36.

Movant also argues that counsel was ineffective for failing to obtain DNA evidence showing the drugs did not belong to Movant. Because Movant pleaded guilty, to demonstrate prejudice he must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Burtchett v. United States*, No. 6:11-CV-03148-DGK, 2012 WL 2577521, at *3 (W.D. Mo. July 3, 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Court notes that Movant's DNA was tested and found to be consistent with the firearm, which was located in the same duffel bag as the drugs. *Woods Criminal Case*, Doc. 39 at 4.

Let alone that Movant pleaded guilty to the crime of possession with intent to distribute, a DNA test showing that Movant did not touch the drug packaging specifically would not have changed any outcome given the substantial evidence, including video footage, connecting Movant directly to the bag of contraband. There is not a reasonable probability that Movant would have proceeded to trial if he had obtained a DNA test of the drug packaging (presuming such results were favorable to Movant). Requesting DNA testing of the drug packaging and generally challenging the facts underlying the indictment would have been inconsistent with counsel's effective strategy of negotiating a plea agreement in which three out of five counts were dropped. This was an entirely reasonable strategic decision, and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Accordingly, counsel's alleged failure to obtain DNA testing as requested by Movant was neither objectively unreasonable nor prejudicial.

GROUND 1(c) – INVOLUNTARY PLEA

Movant argues that his plea was involuntary because his counsel failed to suppress evidence and obtain DNA testing, thereby leaving Movant unprepared to present a defense to a jury and forced to enter a guilty plea. (Doc. 12 at 14). "To be valid, a guilty plea must be knowing, intelligent, and voluntary." *United States v. Curtis*, 6 F. App'x 566, 568 (8th Cir. 2001) (per curiam) (citing *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)). The plea must also be made with "sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). A court can only determine the voluntariness of a guilty plea by "considering all of the relevant circumstances surrounding it." *Id.* at 749.

>At the Change of Plea Hearing, the following exchange took place:
>
>Court: [Y]ou understand if you didn't want to enter a plea of guilty here today you'd be entitled to a speedy and public trial by a judge or a jury in this case. Do you understand that?
>
>Movant: Yes, sir.
>
>Court: You understand that you'd be entitled to the services of a lawyer at that trial, and if you couldn't afford a lawyer, one would be appointed for you. Do you understand that?
>
>Movant: Yes, sir.
>
>Court: Do you understand that at that trial you would have a right to a jury made up of 12 people, all of whom would have to agree as to your guilt before you could be found guilty, that you would be presumed to be innocent, and the Government would have the burden of proving you guilty beyond a reasonable doubt? They would attempt to do that by presenting evidence and witnesses here in open court. Your attorney could cross-examine those witnesses and that you could present evidence and witnesses on your behalf and that if you asked the Court would issue subpoenas for witnesses to come in here for you. Do you understand all of that?
>
>Movant: Yes, sir.
>
>…
>
>Court: Do you understand, Mr. Woods, these are many of your constitutional rights that I'm going over here with you, that by entering a plea of guilty you'd be giving

9

up those rights. There won't be a trial. You'll be adjudged as guilty of these charges in Counts 2 and 5 of the indictment. Your right to appeal will be very limited as set forth in the plea agreement. Do you understand all of that?

Movant: Yes, sir.

…

Court: Did you sign and enter into the [guilty plea] agreement freely and voluntarily?

Movant: Yes, sir.

…

Court: Then the last section in the plea agreement deals with the fact that you would not be able to withdraw this guilty plea at any time. That's very, very important. What it means is this: if the Court accepts your plea of guilty here today, you can't change your mind tonight, tomorrow or the next day because I will not allow you to withdraw the guilty plea. So you got to know that this is, in fact, what you want to do. So I just want to ask you again here today is this, in fact, what you want to do?

Movant: Yes, sir.

…

Court: And the Court finds that the Defendant's pleas of guilty are made freely, voluntarily and intelligently with a full understanding of the charges and the consequences of the pleas with an understanding of his rights attending a jury trial and the effect of the pleas of guilty on those rights. The Court also finds there's a factual basis for the pleas of guilty. *Woods Criminal Case*, Doc. 58 at 8-25.

This Court ensured that Movant entered his guilty plea knowingly and voluntarily. Movant's "solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His "sworn statements regarding the voluntariness of his guilty plea cannot be reconciled with his claim that he was coerced into pleading guilty." *Barnes v. Dormire*, No. 4:10-CV-0443 JAR, 2013 WL 530907, at *6 (E.D. Mo. Feb. 12, 2013).

Movant specifically argues that his guilty plea was involuntary because his counsel's failure to suppress incriminating evidence or obtain DNA testing left him unprepared to proceed

to trial. "A defendant who pleaded guilty upon the advice of counsel may challenge the voluntary and intelligent character of that plea through a claim of ineffective assistance of counsel." *Smith v. Steele*, No. 4:15-CV-1897 SPM, 2019 WL 1294850, at *4 (E.D. Mo. Mar. 21, 2019) (citing *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)). Such arguments have been consistently rejected by courts in this circuit, however, where there is no evidence of ineffective assistance. In *DeRoo v. United States*, the movant argued that his counsel's failure to file a motion to dismiss the indictment, among other errors, caused him to involuntarily plead guilty. 223 F.3d 919, 924 (8th Cir. 2000). The court concluded that because movant's ineffective assistance claims failed on the merits, his waiver was knowing and voluntary. *Id.* at 926. Similarly, because this Court has concluded that Movant cannot demonstrate ineffective assistance of counsel, there is no reasonable basis on which Movant can claim that counsel's ineffective assistance coerced him into pleading guilty.

When a movant claims his guilty plea was not knowing and voluntary due to ineffective assistance, he or she "must overcome strong presumptions of counsel's competence and of the voluntariness of the guilty plea based on his representations at the plea hearing." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). Because Movant has overcome neither of these strong presumptions, this Court finds that Movant's plea was made knowingly and voluntarily and will accordingly deny the § 2255 motion as to Ground 1(c).

### GROUND 1(d) – ACTUAL INNOCENCE

Movant argues that he is actually innocent of the alleged crimes because the drugs were found in a trash can and "possession cannot be attributed to anyone unless someone wishes to claim possession and that it was mistakenly discarded." (Doc. 12 at 14). The Supreme Court has consistently held that actual innocence is a cognizable claim on habeas review and may fall into the narrow miscarriage of justice exception for defaulted claims. *See McQuiggin v. Perkins*, 569

11

U.S. 383, 393 (2013).[1] But claims of actual innocence are "extremely rare and are based on 'factual innocence and not mere legal insufficiency.'" *United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

A claim of actual innocence is particularly difficult to prove when a movant has pleaded guilty. *See McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997) ("Moreover, in light of his guilty plea, such an attempt [at showing actual innocence] would be unpersuasive."). At his Change of Plea Hearing, Movant specifically admitted guilt as to the elements of the crimes, including that he "knowingly and intentionally possessed 50 grams or more of a mixture or substance containing methamphetamine." *Woods Criminal Case*, Doc. 58 at 13-14.

Movant's technical argument appears to be that he could not have possessed the drugs because they were found discarded in the gas station bathroom. This argument is unpersuasive, as it is not required under the statute that Movant physically possess the drugs at the time of arrest. Courts have routinely upheld convictions under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) where defendants have attempted to discard the contraband. *See United States v. Smith*, 91 F.3d 1199, 1200 (8th Cir. 1996) (upholding convictions under both 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) where officers witnessed defendant discarding drugs and gun); *United States v. Burton*, 30 F.3d 136 (7th Cir. 1994) (upholding convictions under both 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) even though defendant not in possession at time of arrest). Movant otherwise appears to simply claim that he was not involved with the drugs, but he has provided no new evidence or any reason whatsoever for this Court to vacate the sentence in light of his sworn admission of guilt.

---

[1] Movant did not file a direct appeal of his guilty plea. A movant "cannot raise nonjurisdictional or nonconstitutional issues in § 2255 proceedings if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 2012). An exception exists for claims of actual innocence, but only when a movant has "produced convincing new evidence of actual innocence." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Because Movant has present no new evidence of actual innocence, Ground 1(d) can also be dismissed for failure to exhaust the claim.

12

GROUND 2 – JURISDICTIONAL DEFECT

Movant claims that his admitted violation of 18 U.S.C. § 924(c) (Count V) is jurisdictionally defective because an essential element of the crime is that the possession of a firearm in furtherance of a drug trafficking crime was "in commerce or affecting commerce." (Doc. 12 at 15-16). "In order to establish a jurisdictional defect, [Movant] must show that the indictment on its face fails to state an offense." *O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir. 1988). The Eighth Circuit has subsequently held that a guilty plea waives this type of claim, as "a defective indictment does not deprive a court of jurisdiction." *United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008) (citing *United States v. Cotton*, 535 U.S. 625, 632 (2002)). Therefore, Movant has waived this claim pursuant to his guilty plea.

Even if the claim were not waived, the Court notes that the statute under which Movant was prosecuted does not contain any requirement that the drug trafficking crime be in commerce or affecting commerce. Therefore, there was no need for the indictment to include such language. Movant cites *United States v. Bass*, but *Bass* concerned a statute which specifically included the language "in commerce or affecting commerce" and is therefore inapplicable here. 404 U.S. 336 (1971). To the extent Movant is attempting to argue that 18 U.S.C. § 924(c) is unconstitutional because there is no nexus to interstate commerce, this exact argument has been rejected by the Eighth Circuit. *United States v. Bell*, 90 F.3d 318 (8th Cir. 1996); *see also United States v. Brown*, 72 F.3d 96 (8th Cir. 1995) (upholding constitutionality of 18 U.S.C. § 924(c) because drug trafficking crimes substantially affect interstate commerce).

## V.    EVIDENTIARY HEARING

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a

13

claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Movant has not specifically requested an evidentiary hearing, and no such hearing is necessary because the claims brought are inadequate on their face.

## VI. CONCLUSION

Movant stood before this Court and repeatedly affirmed that he understood the nature and effect of his guilty plea, including his waiver of certain appeal rights. He accordingly admitted knowing violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) and was sentenced to consecutive terms of 60 months' imprisonment. Movant voluntarily waived his right to appeal Grounds 1(a) and 1(d) and failed to exhaust Ground 2 because he did not file a direct appeal. Substantively, habeas relief is not warranted because Movant has not demonstrated that he was arrested without probable cause, received ineffective assistance of counsel, pleaded guilty involuntarily, is actually innocent of the crimes alleged, or that Count V is jurisdictionally defective.

Accordingly,

**IT IS HEREBY ORDERED** that Teco V. Woods' Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 12) is **DENIED.**

**FURTHER** the Court finds that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 4th day of January, 2021.

                                          JOHN A. ROSS
                                          UNITED STATES DISTRICT JUDGE